UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERD,<br><br>              Petitioner,<br><br>         v.<br><br>J. GASTELO,<br><br>              Respondent. | CASE NO. CV 15-9603-AB (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

    Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in which Petitioner, who is currently incarcerated in the California Men's Colony in San Luis Obispo, is apparently challenging a recent state conviction. (Petition at 2-3, 5.) For the following reasons, the Petition is dismissed without prejudice.

    As an initial matter, the Petition is vague and incomplete. Petitioner does not state where he was convicted. (Petition at 2.) Further, though he initially claims that his date of conviction was September 17, 1995--which would almost certainly render his Petition untimely, he later explains that he pled guilty in August 2015. (Petition at 2, 3, attached page between pages 7 and 8.) He claims that his lawyer coerced him into pleading guilty and that the trial court then imposed an illegal sentence. (Attached page between pages

7 and 8.)  Petitioner acknowledges that he has not presented his claims to the California Supreme Court.  (Petition at 3.)

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent.  *See Mayle v. Felix*, 545 U.S. 644, 656 (2005).  In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset.  *See* Rule 4, Rules Governing § 2254 Cases.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless a petitioner has first exhausted his state remedies by presenting his claims to the highest court of the state.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011).  Because Petitioner has not presented his claims to the California Supreme Court, the Petition is unexhausted and subject to dismissal.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, the Petition is dismissed without prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will

1 | not issue in this action.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P.
2 | 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).[1]
3 | IT IS SO ORDERED
4 | DATED: January 6, 2016.

ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\prop order dismissing.wpd

---

[1] Petitioner is warned that there is a one-year statute of limitations which governs the filing of habeas petitions in this court and that the time in which his current Petition has been pending in the district court does not toll that one-year period.

3